In the United States District Court

For the Eastern District of Texas

Sherman Division

---

United States of America,
      Respondant,

vs.

Daniel Mendoza,
      Petitioner.

Case No. 4:18CR188

Civil No. _____

---

Memorandum Brief in Support

of Motion to Vacat, Set Aside, or Correct Sentence

Pursuant to 28 U.S.C. 2255

---

    Comes Now, Daniel Mendoza, hereinafter,
"petitioner" filing pro se, asking this Honorable Court
to review this motion to pursue a claim of
ineffective assistance of counsel during a critical
stage in proceedings pursuant to the two prong

test set forth in the Supreme Court's holding in _Strickland v. Washington_, 466, U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064-74, 80 L. Ed. 2d 674 (1984) and its progenies.

Petitioner respectfully asks this Court to liberally construe his pleading under the standard governing pro se submissions announced in the landmark Supreme Court case _Haines v. kerner_, 404 U.S. 519, 520 (per curiam) (1972); See also _Tilman v. Texas_, 2015 U.S. Dist. LEXIS 35950 (5th Cir.).

A. <u>Standard of Review</u>

Under 28 U.S.C. 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that; the sentence was imposed in violation of the constitution or laws

petitioner for conspiracy with the intent to distribute 500 grams of a mixture or substance containing a detectable amount of methamphetamine and heroin. (50 grams of methamphetamine actual)

On February 7, 2019, Petitioner and the government entered into a plea agreement that was disclosed and addressed in open court to the charges alleged in a Superseding Indictment. On September 23, 2019, petitioner was sentenced to a term of 324 months imprisonment. Petitioner appealed his sentence to the Fifth Circuit by way of a Hand written letter, (without the understanding of the Courts procedures) See Exhibit "A". this letter contained petitioner's complaints and mistrusts of and in his attorney's actions. On October 25, 2019, an Anders brief was filed by Kimberly S. Keller on this matter.

C. <u>Guilty Plea</u>

Petitioner's guilty plea does not preclude petitioner from bringing a claim of ineffective assistance of counsel in a habeas corpus proceeding. See Plea Agreement

<u>Issue For 2255</u>
<u>Relief</u>

<u>I.</u>

Counsel was constitutionally ineffective for failing to object or challenge the Probation officer's findings of a offense base level of 41 and failure to object to the 924(c) offense.

<u>Applicabe Law</u>

The Sixth Amendment to the United States Constitution provides in pertinent part that, "in all criminal prosecutions, the accused shall

enjoy the right ... to have the assistance of counsel for his defense" U.S. Const., Amend VI.

Thus a criminal defendant is constitutionally entitled to the effective assistance of counsel both at [sentencing] and direct appeal. See Evitts v. Lucey, 469, U.S. 387, 393, -96 (1985); Also see Lafler v. Cooper, 56 U.S. 156, 165 (2012). When a claim of ineffective assistance of counsel is raised petitioner is required to pass a two prong test set forth in Strickland v. Washington. The Fifth Circuit has explained that to succeed on any claim of ineffective assistance of counsel, a defendant must show;

1. counsels representation fell below an objective standard of reasonableness; and   2. there is a reasonable probability that except for counsel's unprofessional errors, the result of the proceeding would have been different. United States v. King, 917 F. 2d 151, 153 (5th Cir. 1990)

-6-

When the claim of ineffective assistance is based on the performance of appellate counsel, i.e., based on failure to raise an issue on appeal, the prejudice prong of the Strickland test requires that the petitioner to establish that the appellate court would have granted relief had the issue been raised. United States v. Phillips, 210 F. 3d 345, 350 (5th Cir. 2000). However, "counsel is not required to raise every non-frivolous issue on appeal." See Phillips, 210 F. 3d at 349 (citing Williamson, 183 F. 3d at 462-63), and the "strategic choices made after a thorough investigation of law and facts to plausible options are virtually unchallengeable". To be deficient, the decision not to raise an issue must fall below an objective standard of reasonableness." Strickland, 466 U.S. at 688, 104 S. Ct. at 2064, 80 L. Ed. 2d at __.

This reasonableness standard requires that

counsel "research relevant facts and law, or make an informed decision that certain avenues may not prove fruitful." Williamson, 183 F.3d at 462-63. (Citation omitted) Thus, to determine whether petitioner's appellate counsel was deficient, the Fifth Circuit has said that "we consider whether a challenge ... would have been sufficiently meritorious, ... such that counsel should have raised it on appeal". See Phillips

Petitioner asserts that counsel was ineffective for failing to challenge on appeal the government's findings of petitioner's base level at 41.

It is within an obligation of the government to present to the court its findings of the facts that are to be set forth as the evidence (proof)

-8-

in a case that is to be prosecuted. The government is have to have done such in their Findings of Facts in the Guilty Plea, as well as in their Elements of the Offense of petitioner's "846-conspiracy" See Exhibit B and C. Appellet counsel had no interest in the research or investigation in this matter and refused to challenge any part of the government's findings, that placed petitioner's offense base level at 41, when it is more than clear according to the Drug Quantity Table, that a person that is in possession of at least 1.5 kG but less than 5 kG of Methamphetamine or At least 150 G but less than 500 G of Methamphetamine (actual) is only subjected to a base offense level =3; Petitioner was said to only conspire to possess 50 grams of actual meth. Appellet counsel was ineffective for refusing to even investigate this fact.

Counsel was ineffective for failing to address

-9-

sentencing counsel's failure to object to the 924(c) charge, when it was asked of counsel in open court by the sentencing Judge, "Allright, I'm trying to understand. Now Mr Daniel Mendoza plead guilty to possession of a firearm in furtherance of a drug trafficking crime" (counsel Yes) and you're not contesting that?" (counsel No).

Even if appellate counsel might have thought of it as reaching a bit far, the letter to the appeals court should have caused some sort of an investigation as to the legitimacy of petitioner's plea altogether. petitioner was brought a new PSR the night before the day of his sentencing, which is within itself, a violation of petitioner's due process rights. Surely appellate counsel has seen and understand what petitioners and others alike has to go through with the uncertainty of what is to be faced.

-10-

# II

## Prosecutorial Misconduct
## Breach of Contract

On February 7, 2019, petitioner entered into
an agreement with the government by way of plea
agreement, with all of its conditions. Then after using the
findings of the Probation officer that were stated in the
Presentence Report to increase petitioner's offense base
level, this was not apart of the agreement. The government
also sought out and used false witnesses with false statements
also going against what was agreed upon, causing a
violation of the agreement. In Alleyne v. United
States, 133 S.Ct. (2013) the Supreme Court held that any
fact that increases the statutory mandatory minimum
sentence is an element of the crime that must be
submitted to the jury and found beyond a reasonable

doubt... This means that for a defendant to be subject to a mandatory minimum sentence, prosecutors must ensure that the charging documents includes those elements of the crime that trigger the statutory minimum penalty.

## Conclusion

Defense counsel deprived petitioner effective assistance because he represented conflicting interest. After receiving the last Presentence Report hours prior to being sentenced, petitioner asked his attorney to file a motion to withdraw his guilty plea because the Presentence Report now contained things that he did not plea to. Petitioner's attorney lied by advising petitioner that "it was too late to file any other motions". Counsel knew that petitioner filed a motion to withdraw his guilty plea that he would be forced to defend himself against a valid claim of ineffective assistance of counsel and

possible bar complaint because of his faulty and misleading legal advice and sentence inducements to get petitioner to plead guilty. See Segarra-Rivera v. United States, 473 F.3d 381, 383 (1st Cir 2007). The guilty plea was not knowingly and voluntary entered as a result of ineffective assistance of counsel and must be set aside.

Wherefore based on the above, Daniel Mendoza, respectfully moves this Honorable Court to set aside his guilty plea and afford him an opportunity to plea a new. Alternatively, appoint new counsel and conduct an evidentiary hearing to resolve the factual disputes.

Respectfully submitted on this day of Feb. 2021

_____
Pro Se Representation