IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DANIEL MENDOZA, #28122-078** § | |
| § | |
| VS. § | **CIVIL NO. 4:21cv169** |
| § | **CRIMINAL NO. 4:18cr188(1)** |
| **UNITED STATES OF AMERICA** § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Daniel Mendoza ("Movant"), proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. After a close review of the case, the Court recommends the § 2255 motion be denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 6, 2017, police officers observed a vehicle failing to signal a lane change, and a traffic stop was conducted on the vehicle in which Movant was a passenger. Crim. ECF (Dkt. #136 at 5).[1] Noticing an odor of marijuana coming from the vehicle, a search revealed a plastic bag on the floorboard near where Movant had been sitting that contained 28.1 grams of methamphetamine. *Id*. A search of Movant's person yielded a plastic bag containing 10.8 grams of marijuana. *Id*.

---

[1] When referring to documents in the underlying criminal case, the Court will cite to it as Crim. ECF, followed by the docket number, i.e., Crim. ECF (Dkt. #136). When referring to documents in the instant § 2255 civil motion, the Court will cite to it simply by the relevant docket number, i.e., (Dkt. #1).

On October 3, 2018, a cooperating source ("CS") with the Federal Bureau of Investigation ("FBI") contacted one of Movant's co-defendants, Christian Mendoza ("Christian"), who was identified as a large-scale heroin and methamphetamine supplier, and discussed the purchase of five grams of heroin for $300.00. *Id*. It was learned that Movant and Christian were brothers, and they rented an apartment in Dallas where they stored and distributed heroin and methamphetamine. *Id*. The CS and an undercover officer met Christian at the apartment and purchased approximately five grams of heroin for $300.00. *Id*.

On October 9, 2018, law enforcement officers executed a search warrant at Movant's residence, a house in Dallas. During the search, officers located heroin in a plastic bag inside a shoe box in Movant's bedroom, heroin in a plastic bag inside a box on top of a dresser in his bedroom, marijuana, a money counter, and digital scales found in the garage, Christian's drug ledger, and several cell phones throughout the house. *Id*.

Officers also executed a search warrant at the apartment. That search yielded a loaded Ruger P95DC semi-automatic 9-millimeter handgun; an unknown amount of U.S. Currency; heroin; a grinder containing residue; an unknown amount of U.S. currency and methamphetamine inside an iPhone box and inside the kitchen trash can; an unknown amount of U.S. Currency and an unspecified amount of Xanax pills inside a Cheetos bag in a kitchen cabinet; marijuana brownies inside the refrigerator; unspecified ammunition inside a camouflage bag in a kitchen drawer; a green leafy substance and U.S. currency in a camouflage bag in a kitchen cabinet; a green leafy substance in a potato chip bag on the stove; two scales; heroin under, next to, and on the stove; heroin on the living room floor; drug ledgers on the kitchen countertop and cabinet; and cell phones. *Id*. at 5-6.

On November 15, 2018, a grand jury in the Eastern District of Texas returned a six-count First Superseding Indictment against Movant and seven co-defendants. Crim. ECF (Dkt. #46). Count One charged Movant with conspiracy to possess with intent to manufacture and distribute five hundred (500) grams or more of methamphetamine or fifty (50) grams or more of methamphetamine (actual) from January 2016 through November 15, 2018. *Id*. at 1-2. Count Two charged Movant with conspiracy to possess with intent to manufacture and distribute one (1) kilogram or more of heroin. *Id*. at 2. Count Three charged Movant with possession of a firearm in furtherance of a drug trafficking crime, which occurred on October 9, 2018, in violation of 18 U.S.C. § 924 ( c)(1)(A). *Id*. at 3. Movant was not named in the remaining counts.

On February 7, 2019, Movant entered a plea of guilty to Counts One and Three of the First Superseding Indictment pursuant to a non-binding written plea agreement. Crim. ECF (Dkt. #87). On the same day, Movant agreed to the Factual Basis, stipulating that the amount of drugs was "45 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine or 4.5 kilograms or more of methamphetamine (actual)." Crim. ECF (Dkt. #89 at 1-2). He also stipulated that he possessed a Ruger semiautomatic 9mm handgun (serial number 312-91160) and a Springfield semi-automatic .40 caliber handgun (serial number MG174539) on October 9, 2018, in furtherance of the conspiracy. *Id*. at 2. Movant's role in the conspiracy was "to supply co-conspirators with kilogram quantities of methamphetamine from various sources, which was imported from Mexico, which would then be distributed to other co-conspirators and co-defendants during the term of the conspiracy in the Eastern and Northern Districts of Texas." *Id*.

After Movant pled guilty, a Presentence Report ("PSR") was prepared. Crim. ECF (Dkt. #136). The statutory provisions provided that the sentencing range for Count One was ten years to

life imprisonment, and for Count Three was five years to life imprisonment, to be served consecutively to Count One. *Id*. at 13. It further noted under the Guideline Provisions, "Based upon a total offense level of 39 and a criminal history category of II, the guideline imprisonment range is 292 months to 365 months." *Id*. At sentencing, however, the Government called four witnesses to testify, and based on their testimony, the Court found Movant to be a manager in the conspiracy; thus, his final offense level was increased by two points for his leadership role, and the advisory guideline sentencing range increased to three hundred sixty (360) months' to life imprisonment. Crim. ECF (Dkt. #149 at 129-30).

On September 27, 2019, the District Court's imposition of three hundred eighty-four (384) months' imprisonment was entered. Crim. ECF (Dkt. #142). Specifically, the term consisted of three hundred twenty-four (324) months as to Count One, and sixty (60) months as to Count Three, to be served consecutively to Count One. *Id*. at 2. The District Court noted that the sentence represents a variance because of Movant's young age and because he had a lesser role than his older brother. Crim. ECF (Dkt. #149 at 138). On October 2, 2020, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") dismissed Movant's appeal as frivolous pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Crim. ECF (Dkt. #187). Movant then filed the instant § 2255 motion, asserting he is entitled to relief based on prosecutorial misconduct, a sentencing error, and several instances of ineffective assistance of counsel. (Dkt. #1). The Government filed a Response, claiming that Movant is not entitled to relief. (Dkt. #10). Movant did not file a Reply.

## II. <u>STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS</u>

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## III. **PROCEDURAL BAR**

Movant claims that the Government committed prosecutorial misconduct by breaching the plea agreement when it claimed that Movant was a leader/organizer in the drug conspiracy. According to Movant, the Government was bound by the plea agreement to accept only the enhancements to his offense level to which was agreed in the plea agreement. (Dkt. #1-1 at 10).

It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well settled that a collateral challenge may not take the place of a

5

direct appeal. *Shaid*, 937 F.2d at 231. Accordingly, if Movant raised, *or could have raised*, constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232 (emphasis added).

In this case, while an *Anders* brief was filed, Movant fails to show actual prejudice resulting from the alleged error. With his plea of guilty and the overwhelming amount of evidence against him, Movant also fails to demonstrate that he is actually innocent. Accordingly, the issue is barred from collateral review. *Id*.

Even if the issue was not barred, a prosecutor's conduct must be of such character as to necessarily prevent a fair trial. *United States v. Vargas,* 580 F.3d 274, 277-78 (5th Cir. 2009); *Nichols v. Scott*, 69 F.3d 1255, 1278 (5th Cir. 1995). Movant fails to show such conduct in this case. A review of the record shows that Movant understood the terms of the plea agreement, which included this provision: "[T]he parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment." Crim. ECF (Dkt. #87 at 4, Dkt. #160 at 24). Accordingly, the Government did not breach the plea agreement by seeking an enhancement for Movant's leadership role. Movant fails to show prosecutorial misconduct; thus, this issue is meritless.

Additionally, Movant claims that it was error to be classified as a career offender. Again, an *Anders* brief was filed, but Movant fails to show actual prejudice from this alleged error. He also fails to show that he is actually innocent. Therefore, the claim is barred from collateral review.

*Shaid*, 937 F.2d at 232.

Even if the issue was not barred, it concerns the Court's technical application of the sentencing guidelines, which does not give rise to a constitutional claim. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id*. (citing *United States v. Vaughan*, 955 F.2d 367, 368 (5th Cir. 1992)). Moreover, Movant was not held to be a career offender in this case. He is simply mistaken in his assertion. The issue is without merit.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts that he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (requiring defendant to show a reasonable probability that, but for counsel's allegedly erroneous failure, he would have insisted on trial).

**A.      Failure to Object**

Movant asserts that Robert Owen Jenkins ("Counsel") was ineffective because he failed to object to the increased offense level of forty-one (41) and to the Section 924(c) offense – possession of a firearm in furtherance of a drug trafficking crime. (Dkt. #1-1 at 4).

A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second-guess counsel).

On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the

wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). A determination of ineffectiveness for failure to object depends on whether an objection would have been granted or sustained had it been made. *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). Merely asserting that he was prejudiced is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). A movant cannot succeed in an ineffective assistance of counsel claim by making conclusory allegations that counsel failed to file motions, make objections, or to follow his instructions. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). Movant must specify what actions Counsel should have taken and how they would have changed the outcome of the case. *Id.*

At Movant's sentencing hearing, the Government called four witnesses whose testimony established that Movant was a manager of the conspiracy. Crim. ECF (Dkt. #149 at 17-117). During the hearing, Counsel not only cross-examined the witnesses, he also argued against the Court's ultimate finding that Movant was a manager in the conspiracy. *Id.* at 127-28. Accordingly, Counsel cannot be held to be ineffective as the record clearly shows that he challenged the increased offense level.

Furthermore, Movant admitted that he was not only guilty of the drug conspiracy charge (Count One), but that he was also guilty of possession of a firearm in furtherance of the conspiracy charge (Count Three). Therefore, Counsel cannot be ineffective for failing to object to a charge to which Movant stipulated. Such objection would have been frivolous, and Counsel cannot be held

to be ineffective for failing to raise frivolous arguments. *Sones v. Hargett,* 61 F.3d 410, 420-21 (5th Cir. 1995); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

**B.     Failure to Argue that *Apprendi* and *Alleyne* Apply**

Movant also claims that Counsel was ineffective for failing to argue that two Supreme Court cases applied to his case. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In *Alleyne v. United States*, 570 U.S. 99 (2013), the Court applied *Apprendi* to the federal mandatory minimum and maximum sentencing scheme and held that, because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. Based on these Supreme Court decisions, Movant asserts that Counsel should have argued that the Court could not hold him responsible for the 45 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine or 4.5 kilograms or more of methamphetamine (actual) without presenting it to a jury. (Dkt. #1-1 at 10-11).

The record is clear, however, that Movant pled guilty to the offense, stipulating that he "knew that the amount involved during the term of the conspiracy involved 45 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine or 4.5 kilograms or more of methamphetamine (actual)." Crim. ECF (Dkt. #89 at 1-2). "Under *Apprendi* and its progeny, any fact that increases the statutory minimum or increases a potential criminal penalty beyond the [statutory] maximum sentence must be alleged in the indictment *and either admitted by defendant or* found by a jury beyond a reasonable doubt." *United States v. Cervantes-Sanchez,* 720 F. App'x 719, 720 (5th Cir. 2018) (emphasis added) (cleaned up). Because Movant admitted to the amount

of methamphetamine, it would have been frivolous for Counsel to raise such an argument. Counsel cannot be held to be ineffective for failing to raise futile or frivolous arguments. *Koch*, 907 F.2d at 527.

C.   **Unkept Promise**

Movant did not brief any issues concerning the validity of his plea agreement, but he made a conclusory statement that Counsel promised him that if he pled guilty, his sentence would be twelve years ("My lawyer promise me 12 years when I plead guilty"). (Dkt. #1-2 at 2). In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his actions, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 562 (5th Cir. 1980).

The Court first notes that Movant is required to provide more than just a mere conclusory statement. Nonetheless, a defendant may seek habeas relief on the basis of an unkept promise by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). Movant fails to meet these requirements. There is nothing in the record that supports such a claim except for Movant's conclusory statement, which is insufficient to entitle him to habeas relief. *Ross*, 694 F.2d at 1011-12; *Koch,* 907 F.2d at 530.

A review of the plea agreement shows that Movant stated his "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement." Crim. ECF (Dkt. #87 at 7). It also noted, "No other promises have been made or implied." *Id*. at 9. In the Findings of Fact, the Magistrate Judge found that Movant's plea "is knowing and voluntary and did not result from force, threats, or promises (other than the promises

set forth in the plea agreement)." Crim. ECF (Dkt. #90 at 3). At his plea hearing, the Magistrate Judge said, "[A]ll I'm trying to confirm again is that other than your Plea Agreement and your Addendum, has anybody made any other promises or assurances to you to get you to enter a plea here today?" Crim. ECF (Dkt. #160 at 29). Movant replied, "No, ma'am." *Id*. Solemn declarations in open court carry a strong presumption of verity. *United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). While a guilty plea may be invalid if induced by a defense counsel's unkept promises, "a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *Cervantes*, 132 F.3d at 1110. In sum, the record contradicts Movant's conclusory statement, and he wholly fails to meet his burden. *Id.; Wright*, 624 F.2d at 562. Movant's plea was knowing and voluntary.

**D.     Conflict of Interest**

Again, Movant completely fails to brief the issue of Counsel's alleged conflict of interest, mentioning it for the first time in his Conclusion. He states that Counsel represented conflicting interests when he failed to file a motion to withdraw the guilty plea. (Dkt. #1-1 at 11). Specifically, Movant claims that he received the revised PSR just hours prior to sentencing, and asked Counsel to file a motion to withdraw his guilty plea because the PSR "contained things that he did not plea to." *Id*. Counsel advised him "that it was too late to file any other motions." *Id*.

A conflict of interest exists when defense counsel places himself in a position conducive to divided loyalties. *United States v. Medina*, 161 F.3d 867, 870 n.1 (5th Cir. 1998). An "actual conflict" exists when defense counsel is compelled to compromise his duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a present or former client. *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). It is well settled

12

that a conflict of interest must be actual, rather than potential or speculative, for it to violate Sixth Amendment standards. *See, e.g., Barrientos v. United States*, 668 F.2d 838, 841 (5th Cir. 1982).

First, Movant points to nothing in the record showing that he asked Counsel to file a motion to withdraw his guilty plea. A movant cannot succeed in an ineffective assistance of counsel claim by making conclusory allegations that counsel failed to file motions, make objections, or to follow his instructions. *Demik*, 489 F.3d at 647. He also fails to show the "things" to which he did not plead. The Court can only assume that Movant is complaining about the Court's assessment that he was a leader or organizer of the conspiracy. A review of the Sentencing Hearing shows that Movant's only objection voiced to the PSR was the Government's contention that Movant was in a leadership role. Crim. ECF (Dkt. #149 at 7). The Government called four witnesses to testify, and based on their testimony, the Court found Movant to be a manager in the conspiracy; thus, his final offense level was increased by two points, and the advisory guideline sentencing range increased to three hundred sixty (360) months' to life imprisonment. *Id*. at 129-38. As discussed above, however, Movant stated that he understood the terms of plea agreement, which included this provision: "[T]he parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment." Crim. ECF (Dkt. #87 at 4, Dkt. #160 at 24). Accordingly, the Government was free to seek an enhancement for Movant's leadership role.

Second, Movant fails to show a motion to withdraw would have been granted had it been

made by analyzing the *Carr* factors as applied to his case.[2] A movant must specify what actions Counsel should have taken and how they would have changed the outcome of the case. *Demik*, 489 F.3d at 647. As discussed, the record clearly shows that Movant pled guilty knowingly and voluntarily. He fails to even assert that he is actually innocent. Thus, the possibility that a motion to withdraw the guilty plea would have been granted is remote.

Third, Movant fails to show an actual conflict of interest. He fails to show that Counsel had divided loyalties or that he was compelled to compromise his duty of loyalty or zealous advocacy by choosing between or blending the divergent or competing interests of another. *Perillo*, 205 F.3d at 781. In sum, Movant only alleges a speculative conflict of interest, which is insufficient to violate Sixth Amendment standards. *Barrientos*, 668 F.2d at 841. This issue is without merit.

E.     **Appellate Counsel's Failure to Challenge Offense Level of Forty-one (41)**

Finally, Movant claims that his appellate counsel, Kimberly S. Keller ("Keller") was ineffective for failing to challenge the offense level of forty-one (41) on direct appeal. Movant alleges that the Government used false testimony of witnesses to enhance his sentence in violation of the plea agreement. (Dkt. #1-1 at 7-8).

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that, had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland*, 466 U.S. at 694. In a counseled appeal after conviction, the key is

---

[2] To determine whether a defendant may withdraw a plea of guilty prior to sentencing, the Court must consider (1) whether the defendant has asserted his innocence; (2) whether the Government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *United States v. Reinhart,* 357 F.3d 521 (5th Cir. 2004). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal – an appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745 (1983).

Here, Movant fails to state which Government witnesses were untruthful in their testimony at sentencing or point out the parts of their testimony that was untruthful. He also fails to point to any evidence to show that a challenge to the Court's sentence would have been successful on appeal. Movant has not shown trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). The record shows that Keller filed an *Anders* brief after determining there were no meritorious issues to raise on appeal. Crim. ECF (Dkt. #187). Having reviewed Keller's brief and the relevant portions of the record, as well as Movant's response, the Fifth Circuit agreed with Keller's *Anders* brief, and dismissed Movant's appeal after concluding that "the appeal presents no nonfrivolous issue for appellate review." *Id*. This issue is without merit.

## V. EVIDENTIARY HEARING

Movant asks that his conviction and sentence be vacated, or alternatively, he asks for an evidentiary hearing. (Dkt. #7 at 13). Evidentiary hearings, however, are not required in federal habeas corpus proceedings. *See* Rule 8, *Rules Governing § 2255 Cases in the United States District Courts*; *see also McCoy v. Lynaugh*, 874 F.2d 954, 966-67 (5th Cir. 1989). Quite the contrary, "to receive a federal evidentiary hearing, a petitioner must allege facts that, if proved, would entitle him to relief." *Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir. 1987), *cert. denied*, 484 U.S. 1079 (1988). *See also Townsend v. Sain*, 372 U.S. 293, 312 (1963). "This requirement avoids wasting federal judicial resources on the trial of frivolous habeas corpus claims." *Wilson*, 825 F.2d at 880.

In several issues, Movant argues his attorneys were ineffective and that he suffered from prosecutorial misconduct and a sentencing error. As discussed above, however, he fails to meet his burden in showing that his constitutional rights were violated on any of these bases. The record is clear on each of the issues. Accordingly, Movant fails to show that he is entitled to an evidentiary hearing. *See United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

## VI. CONCLUSION

In conclusion, Movant could have raised his prosecutorial misconduct and sentencing claims on direct appeal, but failed to do so; accordingly, the issues are procedurally barred from review. Even if they were not barred, Movant fails to show error. Likewise, Movant fails to show that either of his attorneys performed deficiently. He fails to show that, but for his counsels' alleged deficient performances, the results of the proceedings would have been different. The Court further notes that Movant fails to show that, but for Counsel's alleged deficient performance, he would not have pled

16

guilty and would have taken his chances at trial. Movant's issues are without merit; thus, he is entitled to no relief. Having shown no constitutional violations, the § 2255 motion should be denied. Movant also fails to show that he is entitled to an evidentiary hearing.

## VII. <u>CERTIFICATE OF APPEALABILITY</u>

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability.

## VIII. RECOMMENDATION

It is recommended that the motion to vacate, set aside, or correct sentence be **DENIED**, the case be **DISMISSED** with prejudice, and an evidentiary hearing be **DENIED**. It is also recommended that a certificate of appealability be **DENIED**.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1)

(extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 11th day of March, 2024.**

                                                                                       KIMBERLY C. PRIEST JOHNSON  
                                                                                       UNITED STATES MAGISTRATE JUDGE