IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL MENDOZA, #28122-078 | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 4:21-CV-169-SDJ |
| | § | CRIMINAL NO. 4:18-CR-188(1)-SDJ |
| UNITED STATES OF AMERICA | § | |

## MOTION FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Petitioner, Daniel Mendoza ("Mendoza"), appearing *pro se*, and respectfully moves this Honorable Court for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and in support thereof states as follows:

### PRELIMINARY STATEMENT

As a preliminary matter, Mendoza respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014); *Estelle v. Gamble*, 429 U.S. 97 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519 (1972) (same).

### I.   INTRODUCTION

On March 11, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending denial of Mendoza's Motion to Vacate,

Set Aside, or Correct Sentence under 28 U.S.C. § 2255. See Doc. 11.[1] Under Rule 72(b), Mendoza had 14 days to file objections. However, due to mail delays or administrative error, Mendoza did not receive the R&R until after the District Court had adopted it and entered judgment. Mendoza timely filed a motion for reconsideration, and the Court issued a Post Judgment Order instructing him to file a motion for relief under Rule 60(b) and include his objections to the R\&R. See Doc. 17.

Pursuant to that order, Mendoza now files this motion and respectfully requests that the Court reopen judgment under Rule 60(b)(1) and (6), as Mendoza was deprived of a meaningful opportunity to respond to the Magistrate's recommendation, thereby violating fundamental principles of due process and fairness. See *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows relief from a final judgment under several grounds, including: (1) mistake, inadvertence, surprise, or excusable neglect; (6) any other reason that justifies relief.

---

[1] "Doc." refers to the U. S. District Court for the Eastern District of Texas, Sherman Division, Docket Report in Civil Number 4:21-cv-00169-SDJ-BD, which is immediately followed by the Docket Entry number.

2

Relief under Rule 60(b)(6) is warranted when extraordinary circumstances are present. See *Buck v. Davis*, 580 U.S. 100, 115 (2017); *Klapprott v. United States*, 335 U.S. 601, 613–14 (1949). Mendoza meets both Rule 60(b)(1) and (6) standards because he was never afforded an opportunity to object to the R\&R through no fault of his own.

### III. OBJECTIONS TO THE REPORT AND RECOMMENDATION

#### A. The Magistrate's Application of *Jones v. Barnes* Misstates the Right to Effective Assistance of Counsel on Appeal

The R&R heavily relied on *Jones v. Barnes*, 463 U.S. 745 (1983), to excuse appellate counsel's failure to raise issues. While *Jones* grants appellate counsel discretion in choosing issues, this discretion is not unfettered. Counsel's failure to raise clearly meritorious issues constitutes ineffective assistance. See *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that a petitioner can establish ineffective assistance of appellate counsel by showing that counsel unreasonably failed to raise a non-frivolous issue that would have likely resulted in reversal).

The R&R failed to apply this two-part standard and instead relied solely on the presumption that counsel's decision not to raise certain issues was strategic. However, Mendoza's claim is not based on mere disagreement with counsel's strategy, but on the failure to raise material issues with merit—namely, credibility of sentencing

3

witnesses and errors in sentencing determinations.

### B. The R&R Incorrectly States that Mendoza Identified No Untruthful Testimony or Trial Errors

The R&R incorrectly asserts that Mendoza failed to identify any untruthful testimony. Mendoza has consistently identified as providing materially false or misleading testimony concerning drug quantity.

Contrary to the R&R's conclusion, such testimony goes to the heart of the sentencing calculation and credibility findings, which could have been challenged on direct appeal had appellate counsel raised them. The Fifth Circuit has recognized that sentencing based on materially false information violates due process. See *United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Garcia*, 693 F.3d 412, 416 (5th Cir. 2012) ("A sentence based on materially false assumptions or misinformation is constitutionally infirm.").

Appellate counsel's failure to raise these serious errors rendered his representation objectively unreasonable, satisfying the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984). Further, there is a reasonable probability that, had these issues been raised, the outcome of the appeal would have been different—satisfying *Strickland*'s prejudice prong and the prejudice standard in *Smith v. Robbins*.

4

   C. **The R&R Overrelies on the Anders Brief and Fifth Circuit's Dismissal**

While appellate counsel filed an *Anders* brief and the Fifth Circuit dismissed the appeal, such dismissal does not foreclose post-conviction relief based on ineffective assistance of counsel. See *Penson v. Ohio*, 488 U.S. 75, 85 (1988) (holding that the filing of an *Anders* brief does not preclude a finding of ineffective assistance). A court must still assess whether appellate counsel overlooked meritorious claims, regardless of the appellate court's response to the *Anders* filing.

   D. **The Magistrate Judge Erroneously Denied an Evidentiary Hearing Despite Mendoza's Non-Conclusory Allegations of Constitutional Violations**

Mendoza also objects to the Magistrate Judge's finding that he is not entitled to an evidentiary hearing. While the R&R correctly notes that evidentiary hearings are not automatically required in § 2255 cases, it applies an overly rigid standard and disregards Mendoza's non-conclusory, fact-specific allegations that, if proven true, would entitle him to relief.

Federal law makes clear that a habeas petitioner is entitled to an evidentiary hearing if he presents "independent indicia of the likely merit of his allegations." *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008). In *Townsend v. Sain*, the Supreme Court held that a federal court must grant an evidentiary hearing when the

5

petitioner alleges facts that, if proven, would entitle him to relief. 372 U.S. 293, 312 (1963); see also, *Machibroda v. United States*, 368 U.S. 487, 494 (1962).

Here, Mendoza's § 2255 motion presented detailed claims of ineffective assistance of counsel at both trial and appellate stages, specific factual assertions regarding untruthful witness testimony at sentencing, and the failure of counsel to challenge those issues on appeal. These are not mere conclusory allegations. See *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) ("Allegations of a claim of ineffective assistance of counsel may warrant an evidentiary hearing."). Rather, Mendoza provided specific factual contentions regarding what trial counsel failed to do (e.g., failure to object to false or misleading sentencing testimony) and what appellate counsel failed to raise (e.g., trial and sentencing errors with arguable merit). If proven, these errors amount to constitutional violations under *Strickland v. Washington*, 466 U.S. 668 (1984).

The Fifth Circuit has long held that a district court abuses its discretion when it denies an evidentiary hearing in the face of detailed and fact-specific allegations supporting a cognizable claim for relief. See *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (vacating and remanding where court failed to hold hearing on ineffective assistance claim supported by specific factual allegations); *United States v. Ray*, 483 F. App'x 947, 949 (5th Cir. 2012) (unpublished) (same).

6

Moreover, Mendoza was denied any opportunity to further develop these claims through objections to the R&R due to his untimely receipt of it. Accordingly, the denial of a hearing—without the benefit of Mendoza's input—violates due process and further supports reopening judgment under Rule 60(b)(6). See *Lopez v. Quarterman*, 491 F.3d 253, 258 (5th Cir. 2007) (noting that an evidentiary hearing may be necessary to resolve disputed facts where the record is silent or contradictory).

For these reasons, Mendoza respectfully submits that the denial of an evidentiary hearing was improper and constitutes a further basis for granting relief from the judgment entered on the § 2255 motion.

## IV. EXTRAORDINARY CIRCUMSTANCES JUSTIFY RELIEF UNDER RULE 60(b)(6)

Even if Mendoza's delay in filing objections was due to administrative error or mail delay, it would be unjust to allow procedural technicalities to prevent substantive review of constitutional claims. Rule 60(b)(6) exists to ensure that a fundamentally unfair outcome can be corrected when a litigant is denied meaningful access to the judicial process. See *Buck v. Davis*, 580 U.S. at 115–16; *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

## V.     **CONCLUSION**

For the above and foregoing reasons, Mendoza respectfully requests that this Court grant his Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). Mendoza was denied the opportunity to timely object to the Magistrate Judge's Report and Recommendation due to circumstances beyond his control—specifically, his delayed receipt of the R\&R, which was only delivered after the District Court had already adopted it and entered final judgment. This procedural deprivation amounted to a denial of due process, warranting relief under Rule 60(b).

Mendoza has presented fact-specific, non-conclusory objections to the Magistrate Judge's legal conclusions, including claims of ineffective assistance of appellate counsel under *Smith v. Robbins*, 528 U.S. 259 (2000), and *Strickland v. Washington*, 466 U.S. 668 (1984), as well as trial and sentencing errors that were improperly ignored or minimized. He has also demonstrated that the Magistrate Judge erred in denying an evidentiary hearing despite well-pleaded allegations that, if proven true, would entitle him to habeas relief. See *Townsend v. Sain*, 372 U.S. 293, 312 (1963); *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008).

To allow the judgment to stand under these circumstances would constitute a manifest injustice and undermine confidence in the judicial process. Mendoza has diligently pursued his rights and respectfully seeks only the opportunity he was

8

unfairly denied—to have his objections considered before judgment is rendered.

Accordingly, Mendoza respectfully requests that this Court:

1. GRANT this Rule 60(b) motion for relief from judgment;
2. VACATE the Court's prior order adopting the Magistrate Judge's Report and Recommendation;
3. REOPEN Mendoza's § 2255 proceeding;
4. CONSIDER the objections set forth herein on their merits; and
5. In the alternative, ORDER an evidentiary hearing on Mendoza's claims of ineffective assistance of counsel, sentencing error, and prosecutorial misconduct.

Respectfully submitted,

Dated: May 9, 2025

*Daniel Mendoza*
DANIEL MENDOZA
REG. NO. 28122-078
FCI POLLOCK
FEDERAL CORR. INSTITUTION
P.O. BOX 4050
POLLOCK, LA 71467

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2025, a true and correct copy of the above and foregoing Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) was sent via First Class U. S. Mail, postage prepaid, Ernest Gonzalez, Assistant U.S. Attorney at U.S. Attorney's Office - Plano, 101 E. Park Blvd., Suite 500, Plano, TX 75074.

*Daniel Mendoza*
DANIEL MENDOZA