**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DANIEL MENDOZA,** | § | |
| **#28122-078** | § | |
| | § | **CIVIL ACTION NO. 4:21-cv-169** |
| **VS.** | § | **CRIM. ACTION NO. 4:18-cr-188(1)** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

*Pro se* Movant Daniel Mendoza filed a "Motion for Relief From Judgment under Federal Rule of Civil Procedure 60(b)." (Dkt. #18).

A review of the case shows that the Report and Recommendation ("the Report") issued on March 11, 2024. (Dkt. #11). In it, the United States Magistrate Judge, finding no merit in Movant's issues, recommended that Movant's 28 U.S.C. § 2255 motion be denied and his case dismissed with prejudice. Having received no timely objections, the Court issued Final Judgment (Dkt. #15) on March 29, 2024. Movant filed a "Motion for Reconsideration of Order Denying Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" on April 23, 2024. (Dkt. #16). In that document he alleged that due to mailing difficulties, he did not receive the Report until April 10, 2024. He did not list his objections in his Motion for Reconsideration. On April 30, 2025, the Court issued an Order denying Movant's Motion for Reconsideration and stating that if Movant wished for his objections to be considered, he could file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), outlining in the motion his objections to the Report. (Dkt. #17).

1

Movant filed this 60(b) motion, which included his objections to the Report, on May 9, 2025. (Dkt. # 18). Movant, in essence, asks the Court to reconsider the final judgment in this case in light of his objections.

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b) (1)–(5). In addition, Rule 60(b) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the given enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). Movant states that he seeks relief under grounds (1) and (6).

In his objections, Movant argues that the Magistrate Judge's application of *Jones v. Barnes*, 463 U.S. 745 (1983), misstates the right to effective assistance of counsel on appeal. (Dkt. #18 at 3). Review of the Report demonstrates that the Magistrate Judge applied the correct legal standard for ineffective assistance of counsel on appeal. Movant's objection is nothing more than disagreement with the Magistrate Judge's suggested resolution of the claim and is thus without merit. *See*

2

*Talbert v. Lynch*, No. PE:16-CV-00018-RAJ, 2017 WL 11236935, at *4 (W.D. Tex. Feb. 17, 2017) ("An 'objection' that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)) (cleaned up).

Movant next asserts that the Report incorrectly states that he identified no untruthful testimony or trial errors. (Dkt. #18 at 4). The Report stated that Movant failed to adequately lay out the names and testimony of government witnesses who were allegedly untruthful or to explain how attacking their testimony would have affected the success of the appeal. Movant again fails to do so in his objections. Conclusory allegations are not enough to support a claim in a motion under § 2255. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Third, Movant asserts that the Report "[o]verrelies" on the *Anders* Brief and the Fifth Circuit's dismissal in the court's finding that counsel was effective." *Id.* at 5. Contrary to Movant's argument, the Report shows that the Magistrate Judge properly stated and applied the legal standard for ineffective assistance of counsel.

Next, Movant avers that the Magistrate Judge erroneously denied an evidentiary hearing even though his § 2255 motion "presented detailed claims of ineffective assistance of counsel at both trial and appellate stages, specific factual assertions regarding untruthful witness testimony at sentencing, and the failure of counsel to challenge those issues on appeal." *Id.* at 6. The Report addressed Movant's

claims and determined that he failed to meet his burden in showing that his constitutional rights were violated. As such, the Report correctly determined that Movant was not entitled to an evidentiary hearing. *See Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir. 1987).

Having made a *de novo* review of the objections to the Report raised by Movant in his 60(b) Motion, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, accepts them as those of the Court, overrules his objections to the Report, and denies his motion for relief under Rule 60(b).

A § 2255 movant must obtain a certificate of appealability before appealing the denial of a Rule 60(b) motion in all but very narrow circumstances. *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011); *Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (holding that a certificate of appealability "is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In a case in which a district court rejected constitutional claims on the merits, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431

4

(5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, Movant has failed to show that reasonable jurists could debate whether the Rule 60(b) motion should be resolved in a different manner. Movant has failed to make a substantial showing of the denial of a constitutional right. Therefore, Movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

For the foregoing reasons, Movant's "Rule 60(b) Motion to Reopen the Motion to Vacate" (Dkt. #18) in light of the objections is **DENIED.** It is further **ORDERED** that a certificate of appealability is **DENIED.**

**So ORDERED and SIGNED this 17th day of May, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

5